FILED

2024 Feb-02  AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/GAM/CLC/RSR: Feb. 2024
GJ # 36

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs** | ) | **2:23-cr-00311-LSC-GMB** |
| | ) | |
| **VARRIE JOHNSON KINDALL** | ) | |
| **JOHN WESTLEY ROGERS, JR.** | ) | |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

## Introduction

At all times material to this Indictment:

1. Defendant **JOHN WESTLEY ROGERS, JR.** was a member of the Alabama House of Representatives elected to represent the citizens of District 52 in Jefferson County, Alabama.

2. Fred Lee Plump, Jr. served as Executive Director of the Piper Davis Youth Baseball League ("Piper Davis"). Piper Davis was a nonprofit organization that claimed to provide a positive experience for inner city youth in Jefferson County through sports.

3. Defendant **VARRIE JOHNSON KINDALL** was defendant John Westley Rogers, Jr.'s personal and professional assistant. Additionally, she had romantic relationships with both defendant Rogers and Fred Lee Plump, Jr.

4.     Alabama Act No. 2015-226 (the "Act"), passed by the Alabama Legislature in 2015, authorized the Jefferson County Commission to levy and distribute a one percent sales tax and a one percent use tax to benefit the public welfare and enhance the education of the children of Jefferson County. According to the Legislature, these new taxes were necessary because Jefferson County was experiencing financial difficulties as it concluded bankruptcy proceedings and faced the invalidation of its occupational tax.

5.     The Jefferson County Commission adopted resolutions levying the new taxes authorized by the Act beginning August 1, 2017. The Act required the County to distribute the tax revenue according to certain specified priorities, including paying debt incurred during school construction, increasing the County's general fund, giving funds to each board of education serving students in the County, and for certain other purposes set forth in the Act.

6.     The Act created the Jefferson County Community Service Fund (the "Fund"), which was subsidized by approximately $3.6 million annually from the new taxes. The Fund was allocated equally between the Jefferson County House Delegation and the Jefferson County Senate Delegation. Further, Fund money allocated to each delegation was allocated equally among the members of the delegation.

2

7.     The Act also created the Jefferson County Community Service Committee (the "Committee"), the four members of which were elected by members of the Jefferson County House and Senate Delegations. The Committee was responsible for ensuring that the Fund was used only for the purposes set forth in the Act, which included to support public schools, public roads, public libraries, public museums, public parks, public zoos, neighborhood associations, public athletic facilities, public youth sports associations, public sidewalks, public trails, public greenways, the performing arts, police departments, the sheriff's office, fire departments, and certain nonprofit entities.

8.     The Committee began to perform its duties in or about September 2018. During each fiscal year from 2018 to 2022, each Representative, including defendant John Westley Rogers, Jr. was allocated approximately $100,000 and each Senator was allocated approximately $240,000 from the Fund.

9.     Each Representative and Senator representing Jefferson County could make recommendations to the Committee of expenditures from their allotted amount of the Fund. These recommendations were made on a Delegate Request Form created by the Committee that required certain certifications by the legislator. Additionally, the organization receiving the funds was required to submit information about the organization and confirm that it intended to use the money for

a public purpose. The Delegate Request Forms and additional information were often submitted by email that caused wire communications in interstate commerce. After conducting its review, the Committee mailed a letter to each organization, and sent an email to the sponsoring legislator, stating the amount of Fund money awarded.

10.     Between fiscal year 2018 and fiscal year 2022, defendant John Westley Rogers, Jr. was allocated approximately $500,000 by the Fund to distribute for the benefit of Jefferson County. Defendant Rogers directed approximately $400,000 of those discretionary funds to Piper Davis. In turn, Fred Lee Plump, Jr. gave approximately $200,000 to defendant John Westley Rogers, Jr. and defendant Varrie Johnson Kindall.

11.     Defendant John Westley Rogers, Jr. also directed money from the Fund to Organization #1. Individual #1, who was the Founder of Organization #1, gave a portion of that money to defendant Varrie Johnson Kindall.

**Count One**
**Conspiracy to Commit Mail and Wire Fraud**
**Title 18, United States Code, Section 1349**

12.     The factual allegations of paragraphs 1 through 10 of this Indictment are re-alleged as though fully set forth herein.

**The Conspiracy**

13.     From in or about March 2019, and continuing to in or about April 2023, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendants

**JOHN WESTLEY ROGERS, JR. and
VARRIE JOHNSON KINDALL**

did knowingly and willfully combine, conspire, and agree with each other, with Fred Lee Plump, Jr., and with others known and unknown, to devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and to cause to be delivered by mail according to the direction thereon, and to transmit or cause to be transmitted by wire communication any writing, sign, picture, signal or sound in interstate commerce, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Sections 1341 and 1343.

**Manner and Means of the Conspiracy**

14.     It was a part of the conspiracy that defendant John Westley Rogers, Jr., with defendant Varrie Johnson Kindall's assistance, would and did recommend that most of defendant Rogers' allotment of Fund money be paid to Piper Davis each fiscal year.

15.    Further, defendant John Westley Rogers, Jr. and defendant Varrie Johnson Kindall would and did require that Fred Lee Plump, Jr. pay kickbacks to them from Fund money directed to Piper Davis by defendant Rogers.

16.    Further, defendant John Westley Rogers, Jr., defendant Varrie Johnson Kindall, and Fred Lee Plump, Jr. would and did submit, and cause to be submitted, false and fraudulent information to the Committee, including false information about Piper Davis's intended use of Fund money. They also concealed from the Committee and others that defendant John Westley Rogers, Jr. and defendant Varrie Johnson Kindall were receiving money from Piper Davis.

17.    Further, upon receipt and deposit of Fund checks, Fred Lee Plump, Jr. would and did deliver Piper Davis checks to defendant John Westley Rogers, Jr. and defendant Varrie Johnson Kindall for approximately one-half of the amount of Fund money received by Piper Davis. Fred Lee Plump, Jr. would and did falsely write on some checks that the money was for dance team or cheerleading. This chart shows the Fund checks to Piper Davis and the Piper Davis checks delivered to defendant John Westley Rogers, Jr. and defendant Varrie Johnson Kindall:

| **Fund checks to Piper Davis** | | **Piper Davis checks to Kindall** | |
|---|---|---|---|
| **DATE** | **AMOUNT** | **DATE** | **AMOUNT** |
| 03/20/2019 | $21,000.00 | 04/08/2019 | $10,000.00 |
| 06/21/2019 | $21,002.22 | 06/24/2019 | $15,000.00 |
| 11/15/2019 | $80,000.00 | 11/25/2019 | $40,000.00 |
| 05/14/2020 | $13,300.91 | 06/03/2020 | $6,650.45 |
| 11/05/2020 | $65,000.00 | 11/11/2020 | $3,250.00 |
|  |  | 11/12/2020 | $29,250.00 |
| 02/09/2021 | $28,518.00 | 02/24/2021 | $14,000.00 |
| 01/13/2022 | $50,000.00 | 02/03/2022 | $25,000.00 |
| 06/07/2022 | $26,955.45 | 06/20/2022 | $13,000.00 |
| 12/07/2022 | $80,000.00 | 12/20/2022 | $40,000.00 |
| **TOTAL** | **$385,776.58** |  | **$196,150.45** |

18.    Further, defendant Varrie Johnson Kindall would and did deposit the Piper Davis checks into personal bank accounts and then spend the money on personal expenditures for herself and defendant John Westley Rogers, Jr., including cash withdrawals and credit card payments.

All in violation of Title 18, United States Code, Section 1349.

**Counts Two - Twelve**
**Wire Fraud**
**Title 18, United States Code, Section 1343**

19.     The factual allegations of paragraphs 1 through 10 and 12 through 18

of this Indictment are re-alleged for each of counts 2 through 12 as though fully set

forth therein.

20.     From in or about March 2019, and continuing to in or about April 2023,

the exact dates being unknown, within Jefferson County, in the Northern District of

Alabama, and elsewhere, defendants

**JOHN WESTLEY ROGERS, JR. and**
**VARRIE JOHNSON KINDALL,**

and others known and unknown, with intent to defraud, devised and intended to

devise a scheme and artifice to defraud and to obtain money and property by means

of materially false and fraudulent pretenses, representations, and promises.

**Manner And Means of the Scheme and Artifice**

21.     The manner and means of the scheme and artifice are set forth in

paragraphs 14 through 18 of this Indictment.

**The Wire Communications**

22.     On or about the date listed below for each count, within Jefferson

County, in the Northern District of Alabama, and elsewhere, defendants John

Westley Rogers, Jr. and Varrie Johnson Kindall, for the purpose of executing the

above-described scheme and artifice and attempting to do so, did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals as described below for each count.

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 2 | June 20, 2019 | Email from the Fund stating that Piper Davis approved to receive $21,002.22 |
| 3 | November 11, 2019 | Email from the Fund stating that Piper Davis approved to receive $80,000 |
| 4 | May 14, 2020 | Email from the Fund stating that Piper Davis approved to receive $13,300.91 |
| 5 | January 8, 2021 | Email to the Fund with Delegate Request Form |
| 6 | January 22, 2021 | Email to the Fund from Plump with a copy of budget |
| 7 | February 4, 2021 | Email from the Fund stating that Piper Davis approved to receive $28,518 |
| 8 | February 5, 2021 | Email to the Fund from John Rogers stating "I can pick up" check |
| 9 | May 18, 2022 | Email from the Fund stating that Piper Davis approved to receive $26,955.54 |
| 10 | May 29, 2022 | Email to the Fund from John Rogers stating I will pick up check tomorrow |
| 11 | November 18, 2022 | Email from the Fund stating that Piper Davis approved to receive $80,000 |
| 12 | February 6, 2023 | Email to the Fund from Plump stating that all financial support for Piper Davis has gone directly to the organization for support of baseball players |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Counts Thirteen – Fifteen
## Mail Fraud
## Title 18, United States Code, Section 1341

23.     The factual allegations of paragraphs 1 through 10 and 12 through 18 of this Indictment are re-alleged for each of counts 13 through 15 as though fully set forth therein.

24.     From in or about March 2019, and continuing to in or about April 2023, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendants

**JOHN WESTLEY ROGERS, JR. and
VARRIE JOHNSON KINDALL,**

and others known and unknown, with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Scheme and Artifice

25.     The manner and means of the scheme and artifice are set forth in paragraphs 14 through 18 of this Indictment.

### The Mailings

26.     On or about the date listed below for each count, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendants John Westley Rogers, Jr. and Varrie Johnson Kindall, for the purpose of executing the

10

above-described scheme and artifice and attempting to do so, did knowingly cause

to be delivered by mail according to the directions thereon the item described below

for each count.

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 13 | May 20, 2020 | Fund check #242497 in the amount of $13,300.91 mailed to John Rogers |
| 14 | May 22, 2020 | Letter from Fund to Plump about approval of $13,300.91 request by John Rogers |
| 15 | May 20, 2022 | Letter from Fund to Plump about approval of $26,955.54 request by John Rogers |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### Count Sixteen
### Money Laundering
### Title 18, United States Code, Section 1957

27.     The factual allegations of paragraphs 1 through 26 of this Indictment

are re-alleged as though fully set forth herein.

28.     Regions Bank was a federally insured financial institution which was

engaged in, and the activities of which affected, interstate commerce.

29.     On or about July 5, 2022, within Jefferson County, in the Northern

District of Alabama, and elsewhere, defendant

### VARRIE JOHNSON KINDALL

knowingly engaged in a monetary transaction in criminally derived property of a

value greater than $10,000, that is, the transfer of $12,050.51 from Regions Bank

account ending in 0365 to Regions Bank account ending in 9450, that was derived from specified unlawful activity, that is, the wire and mail fraud scheme alleged in counts 1 through 15 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

### Counts Seventeen – Nineteen
### Wire Fraud
### Title 18, United States Code, Section 1343

30.    The factual allegations of paragraphs 1 through 11 of this Indictment are re-alleged for each of counts 17 through 19 as though fully set forth therein.

31.    From in or about March 2019, and continuing to in or about November 2019, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendant

**VARRIE JOHNSON KINDALL,**

and others known and unknown, with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Scheme and Artifice

32.    It was a part of the scheme and artifice that John Westley Rogers, Jr., with defendant Varrie Johnson Kindall's assistance, would and did direct Fund money to Organization #1.

33.     Further, defendant Varrie Johnson Kindall would and did require Individual #1 to pay part of that money back to her as an "administration fee."

34.     Further, defendant Varrie Johnson Kindall would and did submit, and cause to be submitted, false and fraudulent information to the Committee, including false information about Organization #1's intended use of Fund money. She also concealed from the Committee and others that she was receiving money from Organization #1.

35.     Further, upon receipt and deposit of Fund checks, Individual #1 would and did give Organization #1 checks to defendant Varrie Johnson Kindall.

36.     Further, defendant Varrie Johnson Kindall would and did deposit the Organization #1 checks into personal bank accounts and spend the money on personal expenditures.

### The Wire Communications

37.     On or about the date listed below for each count, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendant Varrie Johnson Kindall, for the purpose of executing the above-described scheme and artifice and attempting to do so, did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals as described below for each count.

| COUNT | DATE | WIRE COMMUNICATION |
|-------|------|--------------------|
| 17 | March 21, 2019 | Email from the Fund stating that Organization #1 approved to receive money |
| 18 | October 14, 2019 | Email from the Fund stating that the Committee will review request that Organization #1 receive money |
| 19 | November 11, 2019 | Email from the Fund stating that Organization #1 approved to receive money |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**Count Twenty**
**Obstruction of Justice**
**Title 18, United States Code, Section 1512(b)(3)**

38.     The factual allegations of paragraphs 1 through 11 and 30 through 37 of this Indictment are re-alleged as though fully set forth herein.

39.     From in or about April 2023, and continuing until in or about July 2023, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendants

**VARRIE JOHNSON KINDALL and**
**JOHN WESTLEY ROGERS, JR.**

did knowingly attempt to corruptly persuade and engage in misleading conduct toward Individual #1 by attempting to convince Individual #1 to give false information to criminal investigators with the Federal Bureau of Investigation and Internal Revenue Service with intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the

14

commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

### Count Twenty-One
### Obstruction of Justice by Bribery
### Title 18, United States Code, Section 1510(a)

40.     The factual allegations of paragraphs 1 through 11 and 30 through 37 of this Indictment are re-alleged as though fully set forth herein.

41.     From in or about April 2023, and continuing until in or about July 2023, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendants

### VARRIE JOHNSON KINDALL and
### JOHN WESTLEY ROGERS, JR.

did willfully endeavor by means of bribery to obstruct, delay, and prevent Individual #1 from communicating information relating to a violation of a criminal statute of the United States to criminal investigators with the Federal Bureau of Investigation and Internal Revenue Service by offering to help Organization #1 obtain grants funded by taxpayer dollars.

All in violation of Title 18, United States Code, Sections 1510(a) and 2.

**Count Twenty-Two**
**Failure to File Tax Return**
**Title 26, United States Code, Section 7203**

42.     During calendar year 2019, defendant

**VARRIE JOHNSON KINDALL**,

a resident of Chelsea, Alabama, had and received income of $87,833. By reason of

such income, she was required by law, following the close of calendar year 2019 and

on or before July 15, 2020, to make an income tax return to the Internal Revenue

Service stating specifically the items of her income and any deductions and credits

to which she was entitled. Well knowing and believing all of the foregoing, she did

willfully fail, on or about July 15, 2020, in the Northern District of Alabama and

elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

**Count Twenty-Three**
**Aiding Preparation of False Tax Return**
**Title 26, United States Code, Section 7206(2)**

43.     On or about April 19, 2021, within Jefferson County, in the Northern

District of Alabama, and elsewhere, defendant

**VARRIE JOHNSON KINDALL,**

a resident of Chelsea, Alabama, did willfully aid and assist in, and procure, counsel,

and advise the preparation and presentation to the Internal Revenue Service, of her

U.S. Individual Income Tax Return, Form 1040, for the calendar year 2020. The return was false and fraudulent as to a material matter in that the tax return reported that the defendant had taxable income of $4,474, whereas, as the defendant knew, she failed to report additional income of $58,512.

All in violation of Title 26, United States Code, Section 7206(2).

### Count Twenty-Four
### Aiding Preparation of False Tax Return
### Title 26, United States Code, Section 7206(2)

44.     On or about March 14, 2022, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendant

**VARRIE JOHNSON KINDALL,**

a resident of Chelsea, Alabama, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of her U.S. Individual Income Tax Return, Form 1040, for the calendar year 2021. The return was false and fraudulent as to a material matter in that the tax return reported that the defendant had taxable income of $1,121, whereas, as the defendant knew, she failed to report additional income of $33,366.

All in violation of Title 26, United States Code, Section 7206(2).

**Count Twenty-Five**
**Aiding Preparation of False Tax Return**
**Title 26, United States Code, Section 7206(2)**

45.     On or about March 27, 2023, within Jefferson County, in the Northern

District of Alabama, and elsewhere, defendant

**VARRIE JOHNSON KINDALL,**

a resident of Chelsea, Alabama, did willfully aid and assist in, and procure, counsel,

and advise the preparation and presentation to the Internal Revenue Service, of her

U.S. Individual Income Tax Return, Form 1040, for the calendar year 2022. The

return was false and fraudulent as to a material matter in that the tax return reported

that the defendant had no taxable income, whereas, as the defendant knew, she failed

to report additional income of $84,283.

All in violation of Title 26, United States Code, Section 7206(2).

**Count Twenty-Six**
**Conspiracy to Obstruct Justice**
**Title 18, United States Code, Section 371**

46.     The factual allegations of paragraphs 1 through 26 and 30 through 41

of this Indictment are re-alleged as though fully set forth herein.

**The Conspiracy**

47.     From in or about April 2023, and continuing to in or about November

2023, the exact dates being unknown, within Jefferson County, in the Northern

18

District of Alabama, and elsewhere, defendant

## JOHN WESTLEY ROGERS, JR.

did knowingly and willfully combine, conspire, and agree with Varrie Johnson Kindall, and with others known and unknown, to corruptly persuade and engage in misleading conduct toward another person with intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3), and to knowingly make material false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the United States Government, in violation of Title 18, United States Code, Section 1001.

## **Manner and Means of the Conspiracy**

48.     It was a part of the conspiracy that defendant John Westley Rogers, Jr. and Varrie Johnson Kindall would and did attempt to convince Individual #1 to give false information to criminal investigators with the Federal Bureau of Investigation and Internal Revenue Service.

49.     It was a further part of the conspiracy that defendant John Westley Rogers, Jr. and Varrie Johnson Kindall would and did agree that Varrie Johnson Kindall would accept full responsibility for the crimes involving the fraud against

the JCCSF and falsely state that defendant Rogers did not participate in the scheme in exchange for defendant Rogers' promise to take care of personal matters for Varrie Johnson Kindall if she went to prison.

## **Overt Acts**

In furtherance of the conspiracy and to achieve the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, in the Northern District of Alabama and elsewhere:

50.    On or about April 18, 2023, defendant John Westley Rogers, Jr. told Varrie Johnson Kindall that if she received money from Individual #1 it would show a pattern of conduct.

51.    On or about April 25, 2023, defendant John Westley Rogers, Jr. called Individual #1 about obtaining additional grant money for Organization #1 and Varrie Johnson Kindall sent a grant application to Individual #1.

52.    On or about May 9, 2023, defendant John Westley Rogers, Jr. requested that a department of the State of Alabama issue a grant to Organization #1.

53.    On or about May 25, 2023, Varrie Johnson Kindall falsely stated to federal agents that defendant John Westley Rogers, Jr. did not know Kindall was receiving JCCSF money back from Plump.

54.   On or about July 18, 2023, defendant John Westley Rogers, Jr. informed Individual #1 that he had been awarded additional grant money.

All in violation of Title 18, United States Code, Section 371.

**Count Twenty-Seven**
**Obstruction of Justice**
**Title 18, United States Code, Section 1512(b)(3)**

55.   The factual allegations of paragraphs 1 through 26, 30 through 41, and 46 through 54 of this Indictment are realleged as though fully set forth herein.

56.   From in or about April 2023, and continuing until in or about November 2023, the exact dates being unknown, within Jefferson County, in the Northern District of Alabama, and elsewhere, defendant

**JOHN WESTLEY ROGERS, JR.**

did knowingly and corruptly persuade and engage in misleading conduct toward Varrie Johnson Kindall, and attempted to do so, by convincing Varrie Johnson Kindall to give false information to criminal investigators with the Federal Bureau of Investigation and Internal Revenue Service with intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

21

**Count Twenty-Eight**
**False Statement**
**Title 18, United States Code, Section 1001(a)(2)**

57.    The factual allegations of paragraphs 1 through 26, 30 through 41, and

46 through 56 of this Indictment are re-alleged as though fully set forth herein.

58.    On or about May 25, 2023, within Jefferson County, in the Northern

District of Alabama, and elsewhere, defendant

**JOHN WESTLEY ROGERS, JR.**

did knowingly and willfully aid and abet the making of a materially false, fictitious,

and fraudulent statement and representation by Varrie Johnson Kindall in a matter

within the jurisdiction of the executive branch of the United States Government by

convincing Kindall to tell criminal investigators with the Federal Bureau of

Investigation and Internal Revenue Service during a meeting at the United States

Attorney's Office in Birmingham, Alabama, that defendant John Westley Rogers,

Jr. did not know Kindall was getting JCCSF money back from Fred Lee Plump, Jr.

The statements and representations were false because, as defendant John Westley

Rogers, Jr. and Varrie Johnson Kindall then knew, defendant Rogers knew that

Plump was giving JCCSF money to Kindall because he (defendant Rogers) was a

participant in the scheme.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## NOTICE OF FORFEITURE
## 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1),
## and 28 U.S.C. § 2461(c)

1.      The allegations contained in Counts One through Nineteen of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1349, as set forth in Count One of this Indictment, Title 18, United States Code, Section 1343, as set forth in Counts Two through Twelve and Seventeen through Nineteen of this Indictment, Title 18 United States Code, Section 1341, as set forth in Counts Thirteen through Fifteen of this Indictment, and Title 18 United States Code Section 1957, as set forth in Count Sixteen of this Indictment, defendant **VARRIE JOHNSON KINDALL** shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

23

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

### NOTICE OF FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(C) and
### 28 U.S.C. § 2461(c)

4.  The allegations contained in Counts One through Fifteen of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

5.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 1349, as set forth in Count One of this Indictment, Title 18, United States Code, Section 1343, as set forth in Counts Two through Twelve of this Indictment, and Title 18 United States Code, Section 1341, as set forth in Counts

Thirteen through Fifteen of this Indictment, defendant **JOHN WESTLEY ROGERS, JR.** shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses.

6.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*/s/ Electronic Signature*

Foreperson of the Grand Jury

PRIM F. ESCALONA
United States Attorney

*/s/ Electronic Signature*

George A. Martin, Jr.
Assistant United States Attorney

*/s/ Electronic Signature*

Catherine L. Crosby
Assistant United States Attorney

*/s/ Electronic Signature*

Ryan S. Rummage
Assistant United States Attorney